TOOTLE, HOSEA & CO. *et al.* v. R. J. BERKLEY.
### No. 8616.

1. DEMURRER— *Contents.*  A demurrer to a petition must specify
the grounds of the objection, and where there is nothing in it but
the following, "and now come the above-named defendants and
demur to the petition of the plaintiff herein," it raises no ques-
tion for the consideration of the court.

2. REPLEVIN — *Liability of Attachment Creditors.*  Where a stock
of merchandise is seized by the sheriff under executions and at-
tachments, issued in favor of various parties plaintiff, and an
action is thereafter brought against the sheriff by a person not a
party to any of the actions in which the goods are seized to re-
cover the property or the value thereof, if the plaintiffs in the
executions and attachments voluntarily come in, are substituted
as defendants, and the property is not restored to the plaintiff in
the replevin suit, such substituted defendants become jointly
liable for the value of the whole stock of goods seized and de-
tained; and it is not error, if the evidence shows the plaintiff
entitled to recover, to render a judgment against all of them for
the whole value, though but a portion of the property was seized
under any particular writ issued at the instance of the several
defendants.

*Error from Decatur District Court,*
*Hon. G. Webb Bertram, Judge.*

AFFIRMED.                    OPINION FILED JUNE 6, 1896.

### STATEMENT BY THE COURT.

THIS action was brought by Mrs. R. J. Berkley
against J. E. Bebb, sheriff of Decatur county, to re-
cover a stock of merchandise consisting of boots,
shoes, etc., upon which the sheriff had levied under
an execution in favor of Tootle, Hosea & Co., and
attachments issued in suits brought by various other
parties against Berkley & Kahnan and P. A. Kahnan
& Co.   The plaintiff claimed the right to the posses-
sion of the goods under a chattel mortgage executed
to her by Berkley & Kahnan and P. A. Kahnan &
Co.   Before the case was tried the creditors were

substituted for the sheriff. The case was tried by the court, a general finding made in favor of the defendants, and judgment entered thereon. Thereupon the plaintiff brought the case to this court and the judgment was reversed. (*Berkley v. Tootle*, 46 Kan. 335.) After the case went back, the pleadings having been lost, an agreement was made between the attorneys that if they could not be found within 10 days, the plaintiff should file another petition in replevin, and the defendants should file general denials.

Thereafter a petition was filed in which the plaintiff alleged that she was the qualified owner of the property attached in the actions by the defendants, as plaintiffs against Berkley & Kahnan and P. A. Kahnan & Co., under a chattel mortgage, a copy of which was attached to the petition ; that at the commencement of the action she was entitled to the immediate possession ; that the original defendant, J. E. Bebb, wrongfully detained the possession from her ; that the substituted defendants still wrongfully detain the property, and that it was worth the sum of $3,500, and she demanded judgment for that sum and $500 damages. This petition was filed on the 24th day of July, 1891. On the 14th day of October following, a motion was filed to require the plaintiff to give security for costs. On the 20th day of October, a motion was made by the defendants to require the plaintiff to attach to her petition her affidavit in replevin. The defendants then demurred to the plaintiff's petition. This demurrer reads: "And now come the above-named defendants and demur to the petition of the plaintiff herein." A bond for costs was filed, and the motions and demurrers were overruled. The defendants Tootle, Hosea & Co. thereupon filed an answer denying generally the averments of the petition. It

was agreed between the parties that the clerk should make a copy of all evidence from the case-made, and it should be treated and read in evidence as the deposition of the witnesses, but that further evidence might be introduced.   The case was then again tried by the court, and a judgment rendered in favor of the plaintiff for $2,000, against the individuals composing the various firms of creditors, plaintiffs in the actions, for the property so attached.   The defendants bring the case here for review.

*Reed, James & Street*, and *Waggener, Horton & Orr*, for plaintiffs in error.

*S. D. Decker*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The first ground of error discussed in the brief is in overruling the demurrer to the petition. It is true that the petition is very indefinite in its averments, but it is not so indefinite as the so-called demurrer, for this fails to challenge the sufficiency of the petition on any particular ground.   It raised no question to be passed upon by the court.   We find nothing substantial in the complaint made of the rulings of the court on the admission and rejection of testimony.   The evidence before the court was practically the same as that on which this court held the plaintiff to be entitled to recover when the case was here before.   It is therefore unnecessary to consider its sufficiency.

1. Contracts of general demurrer.

It is insisted that the court erred in rendering a general judgment against all of the defendants jointly for the value of the entire stock of goods.   Attention is called to the appraisements made in the different

actions — the largest amount stated in any one appraisement being that in the case of M. D. Wells & Co., in which the attached property was valued at $340. It is insisted that if the defendants were liable at all they were liable severally for the amount of goods attached in the actions brought by them respectively, and not jointly for the whole stock. The plaintiffs in error rely on the appraisements to show what goods were attached in each action. On examination, we find that the only description of the property taken is "Boots and shoes." There is nothing whatever to indicate numbers or quantity except the valuation made by the appraisers. But independently of the defect in the proof to sustain the position of the plaintiffs in error, we think there was but one action, and that a single judgment was properly rendered against all of the defendants. When the case was originally brought the sheriff had seized under various writs, none of which ran against the plaintiff, a stock of merchandise on which she had a valid chattel mortgage, and of which she was then entitled to the possession. She had a single cause of action against the sheriff for this property. The defendants of their own volition took the place of the sheriff as defendants. Just what they did with the property is not shown, nor is it important. The plaintiff was deprived of it by the action of the sheriff. When the defendants were substituted they took the place of the sheriff in the suit, and undertook to defend his possession of the entire stock. They had no right to divide up the suit pending between the plaintiff and the sheriff, and convert it into a number of suits against each of them separately. It still continued a single demand, and at the conclu-

*2. Substituted defendants— jointly liable.*

sion of the trial a single judgment against all of the parties who had voluntarily shouldered the sheriff's load was proper.

Complaint is made because the individual names of the members of the various firms are stated in the judgment, and because they are all made jointly liable. It is conceded that there is nothing in the pleadings to indicate who the members of the firm of Tootle, Hosea & Co. are, and that the petition names no one as defendants except "Tootle, Hosea & Company *et al.*" The record before us is very defective in many particulars, but we think it fairly shows that all these different firms voluntarily came into the case as defendants, and if so, of course the members of the firms were individually liable.

The judgment is affirmed.

All the Justices concurring.